THE STATE v. JAMES WILLIAMS.

CRIMINAL LAW. *Assault with intent to commit manslaughter.* *Indictment.* Manslaughter being a felony in this State, an attempt to commit manslaughter is an offense, and an indictment for an assault with intent to commit manslaughter is good under sec. 4630 of the Code.

Cases cited: *Quarles* v. *The State*, 1 Sneed, 407; *Jones* v. The State, 2 Swan, 399.

Code cited: Sec. 4630.

---

FROM DAVIDSON.

---

Appeal from the Criminal Court. THOMAS N. FRAZIER, J.

No counsel named.

LEA, Sp. J., delivered the opinion of the court.

TURNEY, J., dissenting.

The only question in this case is, whether, under sec. 4630 of the Code of Tennessee, an indictment for an assault, with intent to commit manslaughter, will lie.

The section is as follows: "If any person assault another, with intent to commit, or otherwise attempt to commit, any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not more than one year, and by fine not exceeding five hundred dollars, at the discretion of the jury."

This section of the Code has been construed by this court, in the case of *Jones* v. *The State,* to apply to those felonies which may be committed by means of personal violence. Manslaughter is certainly a felony in this State, and in the words of the statute above quoted, is punishable by imprisonment in the penitentiary, then, by the very terms of the statute, an attempt to commit manslaughter is an offense.

It is insisted for the defendant, that if the intent to kill was present and existing in the mind of the defendant at the time of the assault, then it could not be an assault with intent to commit manslaughter, but to commit murder in one or the other degrees of that offense, and this seems to be the idea upon which the court below quashed the indictment in this cause. This position confounds the deadly intent with malice or deliberation.

In the case of *Quarles* v. *The State,* 1 Sneed, 407, the court say: "We are not to infer malice from the deadly intent merely, for that may exist in a case of self defense, as where one, from evident necessity, wilfully kills another to save his own life. Much less can we infer it where the intent is produced by anger, for if that were sudden, and upon reasonable provocation, the killing would not be murder."

Again. in that case the court say: "But manslaughter may be voluntary, as where, upon a sudden quarrel, two persons fight, and one of them kills the other. We are to presume that the intention accorded with the act; but if the intention and act were the result of impulse and passion, excited upon

sudden and adequate provocation, the idea of malice is repelled, and the killing is only manslaughter." Suppose two men became suddenly angry with each other, upon snfficient legal provocation, and upon a sudden heat of passion thus produced, and without any previous quarrel or difference, one shoots at the other with a deadly weapon, what offense has he committed? It is certainly more than a common assault. It is not an assault with intent to commit murder in the first or second degree, for there is no malice in the act. It can only be an assault with intent to commit manslaughter.

We are of the opinion, therefore, that an indictment for an assault with intent to commit manslaughter is good under sec. 4630 of the Code.

This cause will be reversed and remanded.